TOBIAS, J.,
Concurs and Assigns Reasons.
1,1 respectfully concur in the decision of the majority.
The plaintiffs’ petition is drawn so as to imply that the plaintiff, Mr. Crosby, did not know until 12 November 2008 of the damages sustained by Bentex and himself. Thus, on the face of the petition filed on 26 October 2009, the plaintiffs’ claims were not prescribed and at the hearing of the exception of prescription, the burden remained with the defendants to prove that liberative prescription had accrued.
La. C.C.P. art 852 states in part: “The pleadings allowed in civil actions, whether in a principal or incidental action, shall be in writing and shall consist of petitions, exceptions, written motions, and answers.” [Emphasis added.] La. C.C.P. art. 854 states in pertinent part: “A copy of any written instrument which is an exhibit to a pleading is part thereof for all purposes.” [Emphasis added.]
1 ¡.Specifically, Sahuque’s exception of prescription states that Sahuque “submits the following Peremptory Exception of Prescription and Memorandum in Support.” Latter & Blum’s exception states the same. The question becomes whether the exhibits upon which the trial court relied to render judgment in favor of the exceptors were attached to the exception (a pleading under article 852) or to the memorandum (which is not a pleading). Our jurisprudence clearly states, as the majority correctly notes, that attachments to a memorandum are not evidence unless formally introduced into evidence at the appropriate trial.
From the original record before us, one cannot determine whether the exception was physically attached to the memorandum and exhibits; whether the exception, memorandum, and attachments were all formally attached to one another; or whether the exhibits were attached to the exception, and the memorandum was submitted separately. The date-clocking stamps of the clerk of the district court show that the exception and the memorandum were clocked separately and both at 10:37 a.m., thereby implying that the exhibits (which appear in the record on ap *1204 peal following the memorandum) were not attached to one another. The burden was upon the parties to correctly designate the record on appeal. La. C.C.P. art. 2128. All of this could have been avoided if, at the hearing on the exception, the exceptors (or, for that matter, the plaintiffs) formally introduced the exhibits that were attached to either the exception or memorandum; this they did not do.
Although we are being very technical in our analysis of this case, we note that similar problems have arisen in the past regarding motions for summary judgment, to-wit, what was and was not to be considered by the court. The legislature resolved the problem by amending La. C.C.P. art. 966 by adding paragraph E(2), which now requires a party to formally introduce at the hearing on lathe motion for summary judgment the exhibits attached and which the court-is to consider.
I find that requiring parties to pay attention to details is warranted.